**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

IVAN POLLS,

        Debtor.

_____/

Case No. 21-21790-LMI

Chapter 7

**NOTICE OF BANKRUPTCY RULE 2004**
**EXAMINATION *DUCES TECUM* OF DEBTOR**

    Soneet Kapila, the Chapter 7 Trustee ("Trustee Kapila") of the bankruptcy estate of Ivan Polls ("Debtor"), by and through undersigned counsel, will examine the following person under oath via ZOOM platform, at the date and time indicated below:

| EXAMINEE | DATE AND TIME |
|---|---|
| **Ivan Polls** | **March 8, 2022 at 10:00 a.m.** |

    The examination may continue from day to day until completed. If the Examinee receives this notice less than 14 days prior to the scheduled examination date, the examination will be rescheduled upon timely request to a mutually agreeable time.

    The Examinee is required to produce the documents requested on Schedule A on or before **4:00 p.m., March 1, 2022** at STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A., 150 West Flagler Street, Suite 2200, Miami, FL 33130.

    The examination is pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Local Rule 2004-1, and will be taken before an officer authorized to record the testimony, which will be recorded stenographically. The scope of the examination shall be as described in Bankruptcy Rule 2004. Pursuant to Local Rule 2004-1, no order shall be necessary. If the Examinee requires an interpreter, it is the Examinee's responsibility to engage the employment of such interpreter to be present at the examination.

Dated: February 16, 2022.

        Respectfully submitted,

        */s/ Eric J. Silver*
        ERIC J. SILVER
        Florida Bar Number 057262
        esilver@stearnsweaver.com
        STEARNS WEAVER MILLER
        WEISSLER ALHADEFF & SITTERSON, P.A.
        Museum Tower Building, Suite 2200
        150 West Flagler Street
        Miami, Florida 33130
        Telephone:  (305) 789-3200
        Facsimile:  (305) 789-2688

        *Counsel to Trustee Kapila*

cc:    OUELLETTE & MAULDIN, Court Reporters
       1550 Madruga Ave.
       Suite 333-Kendar Building
       Coral Gables, FL 33146

> **INTERESTED PARTIES SHOULD CONTACT THE ATTORNEY FOR TRUSTEE YIP IN ORDER TO CONFIRM THE DATE AND TIME OF THE EXAMINATION**.

## SERVICE LIST
### Case No.: 21-21790-LMI
### United States Bankruptcy Court, Southern District of Florida

The following parties are registered to receive Notice of Electronic Filing and should have been served through CM/ECF.

Soneet Kapila
trustee@kapilaco.com,
ecf.alert+Kapila@titlexi.com
*Trustee*

Robert Sanchez
court@bankruptcyclinic.com,
r51375@notify.bestcase.com
*Counsel for Debtor*

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

The following parties were served via First Class Mail.

Ivan Polls
6465 W 12th Avenue
Hialeah, FL 33012-6446

**SCHEDULE "A"**
**DEFINITIONS**

1. "Bankruptcy Case" means this Chapter 7 bankruptcy case styled *In re Ivan Polls*, Case No. 21-21790-LMI.

2. "Bankruptcy Code" means the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, as amended.

3. "Bankruptcy Court" means the United States Bankruptcy Court for the Southern District of Florida.

4. "Communications" means any transmittal of information by any means or any response thereto by any means.

5. "Concerning" means, directly or indirectly, in whole or in part, containing, constituting, contradicting, controverting, corroborating, demonstrating, describing, discussing, disputing, embodying, evidencing, identifying, memorializing, mentioning, pertaining to, proving, rebutting, recording, refuting, referring to, reflecting, relating to, showing, substantiating, summarizing, supporting, arising out of or in connection with, or in any way legally, logically, or factually connected with.

6. "Debtor" means Ivan Polls.

7. "Document" means any writing, recording, electronically stored information, photograph, or other tangible or intangible thing from which information may be obtained or derived, including, without limitation: original or exact copies of any tangible written, typed, printed, electronic, photographed, or other form of recorded or graphic matter of every kind or description, however produced or reproduced, whether mechanically or electronically recorded, draft, final, original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photostatted,

duplicated, carbon or otherwise copied or produced in any other manner whatsoever. Without limiting the generality of the foregoing, "document" shall include communications, correspondence, letters, telegrams, telexes, mailgrams, e-mails, text messages, instant messaging records or logs, calendars, diaries, memoranda (including interoffice memoranda, intraoffice memoranda, memoranda for files, and memoranda of telephone, meeting, or other conversations), notes or notations, minutes, booklets, books, drawings, graphs, charts, telephone records, telephone messages, voicemail messages, video cassettes, electronic tapes, microfilms, discs or other recordings, computer programs, printouts, data cards, studies, analysis and other data compilations from which information can be obtained. Copies of documents which are not identical duplications of the original, or which contain additions to or deletions from the originals, or copies of documents which are identical duplications of the originals if the originals are not available, shall be considered to be separate documents. <u>The term also refers to and includes all metadata associated with the subject document</u>.

8. "<u>Person</u>" means the singular or plural natural person, corporation, partnership, association, organization, government (including all instrumentalities, officers, agents, and subdivisions thereof), and all other business, legal, or artificial entities.

9. "<u>Petition Date</u>" means December 16, 2021.

10. "<u>Request</u>" means a request contained in the SPECIFIC REQUESTS section, *infra*.

11. "<u>You</u>" or "<u>Your</u>" means Debtor.

## INSTRUCTIONS

1. The documents covered by the Requests include all documents in your possession, custody, or control, regardless of whether such documents or materials are possessed directly by you or your professionals, advisors, directors, officers, partners, associates,

subsidiaries, affiliates, successors, accountants, investigators, managers, members, shareholders, representatives, employees, attorneys, agents, third party cloud providers, and any other persons or entities acting on your behalf or under your control.

2. Each Request shall be deemed to be continuing in nature. If at any time additional documents come into your possession, custody, or control or are brought to your attention, prompt supplementation of your response to the Requests is required.

3. Documents shall be produced in the manner in which they are maintained in the usual course of the business. The documents shall be organized and labeled to correspond with the categories in the Requests. Each Request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, in addition to the document itself.

4. Documents shall be produced in such fashion as to identify the department, branch, or office in which they were located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian(s). Each page produced in response to these Requests shall be stamped with a unique prefix, or otherwise identified, such that the source of each page or document produced is apparent. At a minimum, the entity producing the document shall be apparent.

5. As to any document requested but withheld based on your assertion of any privilege or immunity, please set forth: (i) the title of the document; (ii) the type of document (*e.g.*, letter, note, memorandum, etc.); (iii) the date of the document; (iv) the subject matter of the document; (v) the identities of all persons who authored the document, or assisted in its preparation, or in whose name the document was prepared; (vi) the identities of all persons to

whom the document was addressed; (vii) the identities of all other persons to whom the document was sent, or who received, have seen, have had possession or custody of, or have had disclosed to them the contents of, the document or any copies thereof; and (viii) sufficient information regarding the grounds for withholding the document to explain the claim of privilege or immunity.

6. If any document requested herein has been destroyed or lost, provide in lieu of the true and correct copy thereof a description of the document so lost or destroyed, together with the following information: (i) the date of the document; (ii) a brief description of the document; (iii) the author of the document; (iv) the date upon which the document was destroyed or lost; and (v) a brief statement regarding the manner in which the document was lost or destroyed.

7. Documents attached to each other shall not be separated.

8. Any word written herein in the singular shall be construed as plural or vice versa as necessary in order to bring within the scope of the Request all documents that might otherwise be construed to be outside its scope.

9. The terms "and" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the Request all documents that might otherwise be construed to be outside its scope.

10. The terms "all" and "each" shall be construed as "all and each."

11. If any copy of any document for which production is sought, whether a draft or a final version, is not identical to any other copy thereof, by reason of alterations, notes, comments, initials, underscoring, indication of routing or other material contained thereon or attached thereto, such non-identical copy shall be produced separately.

12. If you consider any term in any Request to be vague or capable of more than one meaning, identify the meaning you are ascribing to such term, then respond to the Request as construed with such word given such meaning.

13. Each Request shall be construed independently. No Request should be construed by reference to any other Request for the purpose of limiting the scope of response to such Request unless stated otherwise.

## RELEVANT TIME PERIOD

Unless otherwise stated, the "Relevant Time Period" for the Requests is December 2017 through the Petition Date.

## ELECTRONICALLY STORED INFORMATION

The Requests call for the production of electronically stored information ("ESI") and ESI shall be produced in native form. In searching for electronic documents responsive to these Requests, you shall search for all such electronic documents regardless of the form in which the document exists or the location in which it is stored. Among other places, you shall search for electronic documents stored on all servers, networks, hard drives, desktop computers, notebook computers, personal digital devices, all back-up storage tapes, and with any third party cloud providers.

## SPECIFIC REQUESTS

Please produce the following documents for the Relevant Time Period:

1. Your Federal Income Tax returns for the past three calendar years.

2. All bank statements, canceled checks (and related items including a computer generated check registers), wire transfer details, and related items.

3. Any financial statements You issued to any person.

4. Lease agreements.

5. Automobile titles.

6. Patents, trademarks, or other intellectual property.

7. Closing statements for the purchase or sale of any real estate.

8. Insurance policies.

9. Appraisals for any asset You own or owned.

#10286595 v1